IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD E. NORRIS, # B86090,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-02114-SMY |
| ) | |
| **KEITH FRANKLIN,** ) | |
| **WILLIAMSON COUNTY SHERIFF, and** ) | |
| **WILLIAMSON COUNTY COURT HOUSE,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on several motions and an Amended Complaint filed by Plaintiff Donald E. Norris, a state prisoner. This case was dismissed with prejudice for failure to prosecute on August 1, 2023, after Plaintiff failed to submit a properly signed Complaint as ordered (Docs. 4, 7, 8). The dismissal order advised Plaintiff that he had 30 days in which to file a notice of appeal.

Three months later, on November 7, 2023, Plaintiff filed his Notice of Appeal (Doc. 9), along with an Amended Complaint (Doc. 14), a letter to the Court/Notice of Change of Address (Doc. 15), a motion for recruitment of counsel (Doc. 10), and two motions to proceed *in forma pauperis* (Docs. 11, 12). Plaintiff's appeal has been docketed by the United States Court of Appeals, Seventh Circuit, as Appeal No. 23-3143 (Doc. 18).

Plaintiff explains that his filing of these documents was delayed because he was transferred from Southwestern Illinois Correctional Center to Sheridan Correctional Center before the Order and Judgment dismissing his case were delivered to him (Doc. 15). Eventually his mail was

1

forwarded to Sheridan, but he could only retrieve it from the law library, causing further delay.

Plaintiff's filing of a notice of appeal has transferred jurisdiction over this matter to the appellate court.  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  However, under Federal Rule of Civil Procedure 62.1(a), if "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," this Court has authority to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a).

While Plaintiff did not file a motion seeking to vacate the judgment dismissing his case, his multiple filings clearly indicate that he wishes to proceed with this action in this Court.  Accordingly, the Court would construe Plaintiff's Amended Complaint and letter (Doc. 15) as a motion for relief from judgment.  In light of the delayed delivery of the dismissal order and judgment to Plaintiff, which occurred through no fault of his own, this Court would grant the implied motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), for inadvertence and excusable neglect; vacate the judgment; and reopen this case if the Seventh Circuit should remand the case for that purpose.

The Clerk of Court is **DIRECTED** to transmit a copy of this order to the United States

Court of Appeals, Seventh Circuit, with reference to Appeal No. 23-3143.

**IT IS SO ORDERED.**

**DATED: February 20, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
