IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD E. NORRIS, # B86090,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-02114-SMY |
| ) | |
| **KEITH FRANKLIN,** ) | |
| **WILLIAMSON COUNTY SHERIFF,** ) | |
| **WILLIAMSON COUNTY COURT HOUSE,** ) | |
| **CITY OF MARION, and** ) | |
| **COUNTY OF MARION,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald E. Norris, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Sheridan Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims that Officer Franklin rammed his vehicle into Plaintiff's motorcycle at high speed, injuring him (Doc. 14).[1] Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 14): Defendant Keith

---

[1] Doc. 14 is Plaintiff's First Amended Complaint, filed after the Court dismissed the case on August 1, 2023 for want of prosecution (Doc. 7). The case was reopened on February 27, 2024 (Doc. 23).

Franklin, a Williamson County Sheriff's Officer, intentionally drove his motor vehicle into the back of Plaintiff's motorcycle at an excessive rate of speed (Doc. 14, p. 6). Plaintiff was seriously injured and required hospital treatment. Plaintiff suffered psychological harm in addition to his painful physical injuries and incurred substantial medical bills.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Constitutional claim for Defendant Franklin's excessive use of force in striking Plaintiff's motorcycle with his vehicle.

Count 2: State law claim for intentional infliction of emotional distress based on Defendant Franklin striking Plaintiff's motorcycle with his vehicle.

Count 3: Respondeat Superior/Statutory Indemnification claim against the Williamson County Sheriff's Department for Defendant Franklin's actions.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

### Count 1

The incident Plaintiff describes appears to have taken place immediately before he was placed under arrest.[3] As an arrestee, Plaintiff's claims are governed by the Fourth Amendment. *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004) (excessive force in an arrest, stop, or seizure is analyzed under the Fourth Amendment's reasonableness standard); *Dockery v.*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").
[3] In the original Complaint, Plaintiff describes being housed in the Williamson County Jail after Franklin struck his motorcycle (Doc. 1, p. 5).

*Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

Plaintiff's excessive force claim against Franklin survives preliminary review and may proceed. However, Plaintiff fails to state a viable excessive force claim against the Williamson County Sheriff, Williamson County Court House, the City of Marion, or the County of Marion as there is no supervisory liability for a civil rights claim under § 1983. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Rather, to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff makes no such allegations against the Williamson County Sheriff or the appropriate county, and there is no apparent connection between the City of Marion or the County of Marion and the actions of Williamson County Sheriff's Officer Franklin. The Williamson County Court (or Court House) is not an entity that can be sued in a civil rights case. Therefore, Count 1 will proceed only against Defendant Franklin.

**Count 2**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in

fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Plaintiff's allegation that Franklin purposely and recklessly drove his vehicle into Plaintiff's motorcycle is sufficient to allow Count 2 to proceed against Defendant Franklin.[4]

Also under Illinois law, an employer may be found liable for a tort committed by its employee if the tort was committed within the scope of the employment. *See Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163-64, 862 N.E.2d 985, 991-92 (Ill. 2007). As such, Count 2 may also proceed against the Williamson County Sheriff. Because there is no indication that the remaining defendants are Franklin's employers, they will be dismissed from Count 2.

**Count 3**

Illinois statutes governing Plaintiff's indemnity claim provide that a "local public entity" is empowered to pay a tort judgment or settlement for which an employee, acting within the scope of his employment, is liable. 745 ILCS 10/9-102; *see also* 745 ILCS 10/1-206. As such, Defendant Franklin's employer could be responsible for payment in the event that a judgment is entered against Franklin for the claims in Count 2. *See Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997); *Lovi v. Vill. of Arlington Heights*, 62 F. Supp. 3d 756, 770-71 (N.D. Ill. 2014). Accordingly, the Williamson County Sheriff's Department will remain in the action in the event indemnification is warranted.

**Disposition**

The Complaint states colorable claims in Count 1 against Keith Franklin; in Count 2 against Keith Franklin and the Williamson County Sheriff; and in Count 3 against the Williamson County Sheriff. Defendants Williamson County Court House, City of Marion, and County of Marion are

---

[4] The Court has supplemental jurisdiction over this related state law claim, which derives from the same facts as the constitutional claim in Count 1. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

**DISMISSED** without prejudice.

The Clerk of Court shall prepare for Keith Franklin and the Williamson County Sheriff: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 28, 2024**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.