IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD E. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-02114-RJD |
| | ) | |
| KEITH FRANKLIN, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court for case management purposes and due to Plaintiff's failure to comply with the Court's Order to Show Cause (Doc. 51). Plaintiff initiated this action while in IDOC's custody. On May 6, 2024, and again on June 10, 2024, Plaintiff filed letters notifying the Court that he was released from IDOC's custody and that his new address was P.O. Box 53, Pittsburgh, Illinois. (Docs. 42 & 48). On May 29, 2024, Defendants filed their Rule 12(b)(6) motion to dismiss and sent notice and copies of Defendants' motion to Plaintiff's new address. (Docs. 45, 46). Plaintiff did not file a response. Thereafter, Defendants filed a motion asking the Court to order Plaintiff to show cause why this action should not be dismissed for his failure to litigate it. (Doc. 50). The Court granted Defendants' motion and ordered Plaintiff to show cause in writing by January 9, 2025, why this case should not be dismissed for his failure to prosecute. (Doc. 51). Plaintiff was advised that failure to comply with the Court's Order to

---

[1] This case has been assigned to the undersigned to conduct any and all proceedings, including trial and final entry of judgment pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73.

Show Cause would result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). To date, Plaintiff has not complied with the Court's Order to Show Cause. Plaintiff's last contact with the Court was on June 10, 2024, when he advised of his change of address. (Doc. 48). Since then, Plaintiff has failed to respond to two motions, including a dispositive motion, and has failed to comply with the Court's Order to Show Cause. This case has already been dismissed once for Plaintiff's failure to prosecute when he failed to file an amended complaint in a timely manner. (Doc. 7).

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *Id.* (quoting *GCIU Employer Ret. Fund v. Chi. Tribune Co.,* 8 F.3d 1195, 1198–99 (7th Cir.1993)). Here, Plaintiff's failure to comply with the Order to Show Cause and his failure to respond to two motions demonstrate his lack of interest in prosecuting this case.

Accordingly, this case is **DISMISSED with prejudice** for failure to prosecute. All pending motions are **DENIED** as moot. The Clerk is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED: January 10, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**